# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff/Respondent,**

**v.**                                    **Case No. 05-20063-JWL**
                                              **08-2363-JWL**

**Mark B. Klingensmith,**

        **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In April 2007, Mark Klingensmith pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine. In the plea agreement executed by Mr. Klingensmith, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). In August 2007, Mr. Klingensmith was sentenced to a 92-month term of imprisonment.

In August 2008, Mr. Klingensmith filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 44). In his motion to vacate, Mr. Klingensmith asserts that he received ineffective assistance of counsel in connection with the negotiation of the plea agreement and his decision to plead guilty because his counsel neglected to advise him that the indictment should have been dismissed for violation of the Speedy Trial Act and because his counsel assured him that he would receive "the minimum sentence" by entering a plea of guilty. He further contends that he received ineffective assistance of counsel in connection with

his sentencing hearing because his counsel failed to object to Mr. Klingensmith's classification in the Presentence Report as a career offender and failed to object to the court's imposition of a fine.  In response, the government contends that Mr. Klingensmith's ineffective assistance claims concerning his plea do not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the claims concerning sentencing have been expressly waived by Mr. Klingensmith in his plea agreement–a waiver that the government moves to enforce (doc. 52).  In response to the government's motion, Mr. Klingensmith contends not only that his waiver was unknowing and involuntary in light of his counsel's constitutionally deficient performance concerning the negotiation of the plea (a reiteration of the arguments presented in his petition) but also contends that enforcement of the waiver constitutes a miscarriage of justice because the plea agreement is unconstitutional.

As explained below, the court concludes that Mr. Klingensmith's ineffective assistance claims concerning his plea do not satisfy *Strickland v. Washington*, that enforcement of the waiver does not result in a miscarriage of justice and that he has waived his claims concerning sentencing.  Thus, Mr. Klingensmith's petition is denied in part and dismissed in part and the government's motion to enforce is granted.

The court will hold a defendant and the government to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The Tenth Circuit has adopted a three-

pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Klingensmith waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant

3

reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Klingensmith clearly waived the right to raise his claim concerning ineffective assistance of counsel at the sentencing hearing. However, his remaining ineffective assistance claims concerning the negotiation of the plea and his decision to plead guilty arguably fall within *United States v. Cockerham* and the court discusses those claims more fully below.

*Knowing and Voluntary*

Mr. Klingensmith does not dispute that his waiver was knowing and voluntary except to the extent he asserts that his counsel was ineffective in connection with the plea–an argument that the court addresses below in connection with the miscarriage-of-justice prong of the *Hahn* analysis. Putting that argument aside, the record reflects that Mr. Klingensmith's waiver was knowing and voluntary.

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007). Both conditions are satisfied here. Paragraph 13 of Mr. Klingensmith's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with

4

this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (defendant did not meet burden of showing that waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Klingensmith, specifically discussed with him the fact that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Klingensmith assured the court that he understood the nature of § 2255 claims, that he understood that he had waived his right to assert such claims and that he was entirely willing to do so. *See id.* (defendant did not meet burden of showing that waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")).

*Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory

maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Mr. Klingensmith asserts that he received ineffective assistance of counsel in conjunction with the negotiation of his plea–a situation expressly excluded from the waiver executed by him. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver). He further asserts that the waiver is otherwise unlawful because the plea agreement containing the waiver is unconstitutional. The court rejects both arguments.

According to Mr. Klingensmith, he received ineffective assistance of counsel in connection with the negotiation of the plea and his decision to plead guilty. Specifically, he asserts that his counsel neglected to advise him that the indictment should have been dismissed for violation of the Speedy Trial Act and that his counsel assured him that he would receive "the minimum sentence" by entering a plea of guilty. The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

Mr. Klingensmith cannot establish that his counsel's performance was constitutionally deficient. According to Mr. Klingensmith, he had a right to have all charges against him

6

dismissed because his speedy trial rights were violated.  By way of background, defendant sought (and the court granted) numerous continuances in this case on the grounds that he needed additional time to complete plea negotiations with the government.  Defendant also expressly asked the court, on each occasion, to designate such time as excludable under the Speedy Trial Act.  Mr. Klingensmith now contends that such time is not properly excludable and that his counsel essentially permitted Mr. Klingensmith to waive the protections of the Speedy Trial Act.  The delays in this case–delays that resulted from defendant's own requests for continuances for additional time to cooperate with the government–were properly excluded in computing the time within which trial had to commence.  18 U.S.C. § 1361(h)(7)(A).  The record contains no evidence that defendant objected to his counsel's requests for continuances or asserted his speedy trial rights in any manner.  Mr. Klingensmith, then, has not shown that his counsel's performance in requesting excludable ends-of-justice continuances was constitutionally deficient and the court declines to address the prejudice prong of *Strickland*.  *Broomes v. Ashcroft*, 358 F.3d 1251, 1257 (10th Cir. 2004) (court need not address prejudice prong of *Strickland* if it concludes that counsel's performance was not deficient).

Mr. Klingensmith also asserts that his counsel, in response to Mr. Klingensmith's concerns about the possibility of being deemed a "career offender" for sentencing purposes, assured him that he would receive the minimum sentence by entering a plea of guilty.  This argument is rejected.  During the court's Rule 11 colloquy with Mr. Klingensmith, the court specifically advised Mr. Klingensmith that "there are no guarantees to you that just because you plead guilty your sentence will be any better than what it would have been if you went to trial"

and Mr. Klingensmith expressly agreed with that statement. The court also expressly explained to Mr. Klingensmith that his criminal history would be considered in connection with the presentence investigation and in calculating a presumptively reasonable sentencing range. Mr. Klingensmith confirmed that the court's description of the sentencing process was consistent with his understanding of that process. Mr. Klingensmith answered these questions in the affirmative. Thus, it is clear that Mr. Klingensmith was aware of the contingencies involved in determining his sentence and nevertheless entered into a guilty plea. Moreover, Mr. Klingensmith's plea petition, which he signed, explained that his "prior criminal record . . . may have a specific effect on the sentence" imposed and that the sentence imposed was solely within the discretion of the court. Finally, Mr. Klingensmith agreed in his plea agreement that he would not be permitted to withdraw his guilty plea if the court imposed a sentence with which he did not agree. For these reasons, the court rejects Mr. Klingensmith's claim that his counsel essentially promised that Mr. Klingensmith's potential status as a career offender would not factor into his sentence. *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (rejecting ineffective assistance claim based on counsel's failure to apprise defendant of sentencing consequences of extensive criminal history; defendant acknowledged in his plea agreement and during plea colloquy that he understood sentencing would be discretionary).

Finally, Mr. Klingensmith asserts that enforcement of the waiver constitutes a miscarriage of justice because the plea agreement is unconstitutional, rending the entire agreement, including the waiver provision, void. According to Mr. Klingensmith, paragraph 3 of the plea agreement, concerning the application of the sentencing guidelines, renders the Guidelines mandatory.

Citing *United States v. Booker*, Mr. Klingensmith contends that a mandatory application of the Guidelines is unconstitutional such that the agreement is void.  Mr. Klingensmith's interpretation of paragraph 3 of the plea agreement is not a reasonable one.  Paragraph 3 states, in pertinent part, as follows:

> The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. . . .  The parties understand this agreement binds the parties only and does not bind the Court.

Nothing in the language of paragraph 3, then, mandates the application of the Sentencing Guidelines.  Indeed, paragraph 3 expressly states that the parties' "request" for an application of the Guidelines is not binding on the court.  Moreover, even after *Booker*, the court is required to apply the Guidelines and to consider the recommended sentence as one factor in its decision. *United States v. Martinez-Barragan*, 545 F.3d 894, 900 (10th Cir. 2008)).  In short, paragraph 3 of the plea agreement executed by the parties is not unconstitutional.

For the foregoing reasons, the court denies Mr. Klingensmith's claims that he received ineffective assistance of counsel in connection with the negotiation of his plea and waiver and his claim that enforcement of the waiver otherwise constitutes a miscarriage of justice.  Having concluded that enforcing the waiver contained in Mr. Klingensmith's plea agreement will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Mr. Klingensmith's claims concerning ineffective assistance of counsel at sentencing.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Klingensmith's motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 44) is denied in

part and dismissed in part and the government's motion to enforce Mr. Klingensmith's waiver

of rights (doc. 52) is granted.


**IT IS SO ORDERED** this15th  day of January, 2009.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

10