**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff/Respondent,**

v.                                                 Case No. 05-20063-JWL
                                                          08-2363-JWL

**Mark B. Klingensmith,**

      **Defendant/Petitioner.**

### MEMORANDUM & ORDER

In January 2009, the court issued a memorandum and order dismissing in part and denying in part Mr. Klingensmith's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and granting the government's motion to enforce the waiver of rights contained in the plea agreement executed by Mr. Klingensmith. Mr. Klingensmith has now moved for a certificate of appealability (doc. 62). As will be explained, the court declines to grant a certificate of appealability (COA) on any issues.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Klingensmith argued that his counsel was constitutionally ineffective both in negotiating Mr. Klingensmith's plea agreement and at Mr. Klingensmith's sentencing hearing.

In response to the government's motion to enforce the waiver of rights contained in Mr. Klingensmith's plea agreement, Mr. Klingensmith argued not only that his waiver was unknowing and involuntary in light of his counsel's constitutionally deficient performance concerning the negotiation of the plea (a reiteration of the arguments presented in his petition) but also that enforcement of the waiver constituted a miscarriage of justice because the plea agreement was unconstitutional.  The court concluded that Mr. Klingensmith's ineffective assistance claims concerning plea negotiations did not satisfy *Strickland v. Washington*, that enforcement of the waiver did not result in a miscarriage of justice and that he waived his claims concerning sentencing.  Mr. Klingensmith cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issues should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further.

According to Mr. Klingensmith, he received ineffective assistance of counsel in connection with the negotiation of the plea because his counsel neglected to advise him that the indictment should have been dismissed for violation of the Speedy Trial Act and because his counsel assured him that he would receive "the minimum sentence" by entering a plea of guilty. With respect to these claims, the court held that Mr. Klingensmith did not make the requisite showing under *Strickland v. Washington*.  Specifically, the court concluded that, in fact, Mr. Klingensmith's speedy trial rights were not violated because the delays in the case resulted from defendant's own requests for continuances for additional time to cooperate with the government and those continuances were properly excluded in computing the time within which trial had to commence. The court also rejected Mr. Klingensmith's argument that his counsel promised him

that he would receive the "minimum sentence" by pleading guilty because the argument is clearly belied by the record in this case, particularly the court's own Rule 11 colloquy with Mr. Klingensmith, which demonstrated Mr. Klingensmith's full understanding of the contingencies involved in determining his sentence.

Finally, the court rejected Mr. Klingensmith's argument that the plea agreement is unconstitutional. Mr. Klingensmith argued that the plea agreement required a mandatory application of the Sentencing Guidelines in violation of *United States v. Booker*. Because nothing in the plea agreement mandated the application of the Sentencing Guidelines but, rather, simply stated the parties' request for an application of the Guidelines, the court concluded that the agreement was not unconstitutional and that, as a result, enforcement of the waiver contained within the plea agreement would not result in a miscarriage of justice.

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 19th day of February, 2009.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge