IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 05-20063-JWL**

**Mark Klingensmith,**

      **Defendant.**

## MEMORANDUM & ORDER

In April 2007, Mark Klingensmith pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine. In August 2007, Mr. Klingensmith was sentenced to a 92-month term of imprisonment and the court imposed a $15,000 fine. This matter is presently before the court on Mr. Klingensmith's motion to vacate the fine (doc. 71). In support of the motion, Mr. Klingensmith explains that while he has made timely monthly payments on the debt since his release from prison, he is unable to pay down that debt in light of child support obligations, back tax liability and the interest on the debt. While the court is sympathetic to Mr. Klingensmith's request, the court lacks the authority to vacate the fine. The motion, then, is dismissed for lack of jurisdiction.

The court is authorized to vacate a fine imposed as part of a criminal sentence in only limited circumstances. 18 U.S.C. § 3572(c). Rule 35(b) allows a district court (within one year of sentencing and on the government's motion) to reduce a sentence, including a fine, to reflect a defendant's substantial assistance in the prosecution of others in accordance with the Sentencing Guidelines and policy statements. *United States v. McMillan*, 106 F.3d 322 (10th

Cir. 1997). That rule is plainly not applicable here. Title 18 U.S.C. § 3573 provides the statutory mechanism for remitting or reducing a fine imposed as part of a criminal sentence. Pursuant to § 3573, however, only the government may petition to remit or reduce a fine imposed as part of a criminal sentence. *See United States v. Lester*, 70 Fed. Appx. 468 (9th Cir. 2003) (district court lacked jurisdiction to act on defendant's postconviction request to remit fine); *United States v. Linker*, 920 F.2d 1, 2 (7th Cir.1990) (no vehicle for defendant to request remission of fine); *United States v. Pena*, 2012 WL 40461, at *1 (D.R.I. Jan. 9, 2012). And while the court in this case has subject matter jurisdiction to modify Mr. Klingensmith's payment schedule or even waive the interest requirement, *see* 18 U.S.C. § 3572(d)(3) (upon notice of a material change in economic circumstances, court may modify payment schedule for fine if judgment permitted payments in installments), *United States v. Goode*, 342 F.3d 741 (7th Cir. 2003) (request to excuse interest payments is "the exact type of grievance contemplated by § 3572(d)(3)"), that is not the relief that he is seeking through his motion.

The court, then, is required to dismiss Mr. Klingensmith's motion for lack of jurisdiction despite the fact that the court would like to provide some relief to Mr. Klingensmith. Because the government did not ask for the fine in the first instance, and takes no position on Mr. Klingensmith's motion, the court encourages the government to consider whether it might be able to satisfy the standard set forth in 18 U.S.C. § 3573 for remittance of the fine. In the alternative, the court would entertain a motion made by Mr. Klingensmith under § 3572(d)(3) to modify his current payment schedule.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Klingensmith's motion to vacate fine (doc. 71) is dismissed.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2015, at Kansas City, Kansas.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge